IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEVIN JEROME JONES            §
(TDCJ No. 1169005),           §
                              §
          Petitioner,         §
                              §
V.                            §          No. 3:18-cv-2914-M-BN
                              §
SHAREN WILSON,                §
                              §
          Respondent.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference

from Chief Judge Barbara M. G. Lynn. The undersigned enters these findings of fact,

conclusions of law, and recommendation that the Court should transfer this case *sua*

*sponte* to the Fort Worth Division of the Northern District of Texas.

**Applicable Background**

Petitioner Kevin Jerome Jones, a Texas prisoner, currently incarcerated at the

Eastham Unit of the Texas Department of Criminal Justice (the "TDCJ"), has filed a

*pro se* 28 U.S.C. § 2254 application for a writ of habeas corpus apparently challenging

a 2007 Tarrant County conviction (or the revocation of his parole related to the same

conviction). *See* Dkt. No. 3.

**Legal Standards and Analysis**

"Where an application for a writ of habeas corpus is made by a person in custody

under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d); *see also Ex parte Green*, 39 F.3d 582, 583-84 (5th Cir. 1994). These filing requirements are jurisdictional. *See Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004); *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966).

The district court wherein such an application is filed may, in the exercise of its discretion and in furtherance of justice, transfer the case to another district court for hearing and determination. *See* 28 U.S.C. § 2241(d); *see also Carmona*, 375 F.3d at 539 (affirming dismissal of Section 2254 application for lack of jurisdiction but remanding with instructions to transfer the matter to either the district of conviction or the district of incarceration if petitioner elects to pursue his claim in either forum); *cf.* 28 U.S.C. § 1631 (allowing a district court lacking jurisdiction over an action to transfer that action if in the interest of justice to a federal court in which the action could have been brought at the time it was filed or noticed).

As the sentence at issue in this proceeding (or its revocation) results from a conviction out of Tarrant County, which lies within the Fort Worth Division of this district, *see id.* § 124(a)(2), and because Petitioner is currently incarcerated at TDCJ's Eastham Unit, in Houston County, which lies within the Lufkin Division of Eastern District of Texas, *see id.* § 124(c)(6), this matter does not belong in the Dallas Division

-2-

of this district.

While this Court has jurisdiction over the Section 2254 application, it should be transferred, under Section 2241(d), to the Fort Worth Division of this district, the district and division in which the state court that convicted and sentenced Petitioner is located. *See Henderson v. Quarterman*, No. 3:07-cv-248-B, 2007 WL 1411558 (N.D. Tex. May 11, 2007) (citing 28 U.S.C. § 1404 to note that, "[f]or the convenience of the parties and witnesses and in the interest of justice, a district court may transfer a civil action to any district or division where it might have been brought" and further remarking that, "[i]f there is any possibility that an evidentiary hearing may be necessary, a district court should transfer a petition to the district or division in which the petitioner was convicted and sentenced," and citing *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968) ("The legislative history of [Section 2241(d)] makes clear that a district court should transfer a petition to the district in which petitioner was convicted and sentenced if the transferring court is of the view that an evidentiary hearing will be necessary before final determination can be had.")).

And, to the extent that Petitioner is bringing a civil rights action against the Tarrant County District Attorney – the named respondent – such an action also belongs in the Fort Worth Division of this district. *See* 28 U.S.C. § 1391(b).

## Recommendation

The Court should transfer this action to the Fort Worth Division of the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 2, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE